## STATE EX REL. CARL HUBERT VARCHMIN v. DISTRICT COURT OF RAMSEY COUNTY.[1]

June 9, 1916.

Nos. 19,883—(242).

**Workmen's Compensation Act — payment of compensation to child adopted after accident.**

Subdivision 9, § 8208, G. S. 1913, of the Workmen's Compensation Act, providing for the payment of compensation to certain children on the remarriage of the widow, construed and *held* to have no application to and not to include a child adopted by the widow after her husband's death.

Upon the relation of Carl Hubert Varchmin this court granted its writ of *certiorari* to review the judgment of the district court for Ramsey county, entered pursuant to the order of Dickson, J., upon an application by relator to enforce payment of compensation by the McMurray Com-

[1]Reported in 158 N. W. 250.

---

Note.—Upon questions pertaining to Workmen's Compensation Acts, generally, see note in L.R.A. 1916 A, 23.

pany, as employer, under the Workmen's Compensation Act, for the death of Charles J. Varchmin, its employee. Affirmed.

*James E. Markham,* for relator.

*B. Burness,* for respondent.

BROWN, C. J.

Charles J. Varchmin was in the employ of the McMurray Company, a corporation. Both were subject to the Workmen's Compensation Act. In October, 1913, Varchmin came to his death by accidental means, while engaged in the course of his employment. He left surviving him his widow but no child or children of his own. Some time prior to his death decedent and his wife had taken a child, petitioner herein, from the state school for dependent children, as authorized and provided for by G. S. 1913, § 4163, with the intention of raising him as their own child. The child was not formally adopted by the decedent, and was at this time under three years of age. Subsequent to decedent's death proceedings under the compensation statute resulted in an award to the widow in harmony with the terms of the statute. Thereafter, in December, 1913, the widow in appropriate proceedings under the statutes of the state formally adopted the child, and under G. S. 1913, § 7156, he became her child and lawful heir. In September, 1915, the widow remarried, and claim was then made on behalf of the child for the share of the compensation theretofore awarded to the widow, as provided for by G. S. 1913. § 8208, subd. 9. The matter was duly submitted to the court below upon the facts here stated, and, after hearing all interested parties, an order was made denying the relief demanded. The matter was brought here for review on *certiorari.*

The only question presented is whether petitioner, the child, comes within the scope of subdivision 9, § 8208, of the compensation statute and is entitled to the allowance there provided for. We are of opinion and so hold that the question should be answered in the negative.

The section of the statute controlling the question provides as follows:

"In case of remarriage of a widow without children, she shall receive a lump sum settlement equal to one-half of the amount of the compensation remaining unpaid. In case of the remarriage of a widow who has

dependent children, the unpaid balance of compensation which would otherwise become due to her, shall be paid to such children."

The terms of the statute are clear and fix the rights of widow and children upon the remarriage of the widow. If there be no children the widow is entitled on remarriage to one-half the remaining unpaid compensation. If there be children she must surrender all further right to compensation and the whole of the unpaid balance goes to the children. The contention here is that there is a child to whom this unpaid balance should go. It therefore becomes necessary to consider whether the petitioner comes within the statute. Subd. b of section 8230 provides that child or children as used in the compensation act shall "include posthumous children and all other children entitled by law to inherit as children of the deceased."

We need not determine what children come within the statutes in general, for we are here only concerned with the status of petitioner, though it may be remarked that the statute includes all children of the deceased, and other children who have legal claims to his support and the right to inherit in his estate. This might perhaps include children of his wife by a former husband, or children taken into the family and formally adopted by deceased in his lifetime. But we are of opinion that a child having no such relationship or status to the deceased does not come within the statute and is not entitled to the allowance there provided for. The whole purpose of the compensation act was to make pecuniary provision for those having lawful claims upon the workman, particularly his widow and his children. The petitioner in the case at bar was not the child of the deceased, nor of his widow. She made him her child after the death of decedent, but that fact cannot bring him within the statute. The statute must be construed as having reference and application to conditions existing at the time of the death of the workman, and not to relationships created by the widow after his death. And though the statute might be construed to include children of the widow by a former marriage, who at the time of his death were living with and dependent upon the workman for support, it cannot well be construed to include children coming into an adopted relationship to the widow after his death. We therefore hold that petitioner is not a child having such relation to de-

cedent prior to and at the time of his death as to entitle him to the benefits of the statute in question.

Judgment affirmed.